### The Proprietors of the Pemigewasset Bridge *v.* The Town of New Hampton.

Under the authority of the act of June, 1859, the joint board composed of the selectmen of New Hampton and Bristol laid out the toll bridge of the petitioners, leading from New Hampton to Bristol, and made it free, awarding each of said towns to pay $500 as damages to the bridge proprietors.

The said statute of 1859 gave no right of appeal from the decision of said tribunal. The court entertain the appeals of the proprietors of said bridge, and order the same, in each of the counties of Belknap and Grafton, to be referred to a joint board composed of the commissioners of both of said counties for their revision.

Petition served on the 25th of August, 1866, for an increase of the damages awarded to the petitioners on the 12th day of March, 1866, by the selectmen of New Hampton and the selectmen of Bristol, acting as a joint board, on the laying out of the petitioners' bridge over the river Pemigewasset. The said selectmen awarded one thousand dollars as the entire damages, and apportioned one half thereof to be paid by the town of New Hampton in this county, and the other half by the town of Bristol in the county of Grafton. For the purpose of raising all the legal questions likely to arise on this petition, it is agreed by the parties that a petition is to be filed and prosecuted in the county of Grafton, against the town of Bristol, for an increase of the damages awarded on the laying out of this bridge.

At this term the petitioners moved that an inquiry of damages by the jury be ordered by the court.

The town of New Hampton moved that the petition be dismissed for the reason that it was not brought within the time limited by law; that the petition be referred to a joint board consisting of the commissioners for the counties of Belknap and Grafton; or, in case that cannot be lawfully done, that the petition be referred to the commissioners of the county of Belknap alone.

It is ordered that the questions arising on the foregoing case be reserved and assigned to the determination of the whole court.

*Pike*, for the petitioners.

*Fling* and *Tappan*, for the town.

Nesmith, J. This was a petition for an increase of damages, awarded to the petitioners on the 12th day of March, A. D. 1866, by the joint board of the selectmen of New Hampton and Bristol in the laying out of the petitioners' bridge over the river Pemigewasset, extending from Bristol to New Hampton. The said board of selectmen awarded one thousand dollars as entire damages, and apportioned one half thereof to be paid by the town of New Hampton, and the other half to be paid by the said town of Bristol.

The right or jurisdiction of joint boards of selectmen to act in cases of this kind was first conferred by the statute law of June 27, 1859, or chapter 2219 of the Pamphlet Laws. There is no special provision

made by this statute for the right of appeal from the decisions of said tribunal, either from the laying out, or the matter of damages. This right, so important to all in interest, must not be considered as not in existence, or in any way restrained, because of the silence of the legislature. We think we may properly, by fair analogy, or just implication, for our guidance on this subject, look to a long practice regulating similar questions, where appeals have been claimed and allowed.

We cannot entertain the opinion, that the legislature have ever contemplated the purpose of making the finding of joint boards of selectmen final and conclusive upon the rights of the town, and landholders who may be interested in this class of cases. The legislature must have intended to have left this right of appeal to be controlled by the general usages of the law, which had heretofore been applied to cases of this nature. *Roberts* v. *Stark*, a case in Coos county not reported. The counsel for the towns say this subject is fully regulated by chapter 2621, enacted in June, 1862, and that the petitioners have come into court too late to claim the benefits of that statute. That statute gives a new mode of relief, where a highway has been laid out by a board of selectmen in our several towns, and provides for an appeal by an aggrieved land-holder, and provides also, that he may defend and be heard upon the expediency of laying out the road. This is giving the land-holder a new right not before enjoyed. This right he is to claim within sixty days. The counsel for the petitioners contends, and we think with much force, that sec. 9, of chap. 50, of the Revised Statutes, was not intended to be repealed by the act of 1862 aforesaid, and that the land-holder, waiving his right to oppose the laying out of the road by the selectmen, may still claim his appeal to be heard upon the subject of damages at any time within one year after the new road is opened, as provided by the aforesaid 9th section. We leave this as an open question not necessary to be here decided. That statute when enacted provided also for the repeal of the 8th section of chapter 51 of the Revised Statutes, leaving the remainder of said chapter in full force. The 7th section of chap. 51 gives authority to commissioners to assess damages to land-holders, as selectmen are required to do, and to insert the same in their report to the court, and also prescribes the duty and mode of certifying the same to the town clerks of the several towns where the road is located. The aforesaid eighth section provided, when an owner of land was dissatisfied with the damages awarded to him by the commissioners under the previous section, he might appeal to the court of Common Pleas, next to be holden in the county and not afterwards, and thereupon said court shall assess his damages by a jury, and also provides for the costs of the appeal conditionally. The object of the repeal of the aforesaid eighth section of chapter 51, was doubtless to take away the trial by jury, which was considered in many cases a more expensive remedy to the parties than the trial before commissioners. This repeal left in full force sections 4 and 5 of chapter 50 of the Revised Statutes, under the power of which sections, all petitions relating to roads were to be referred to the county commissioners if no sufficient objection appeared, except where the proposed highway passed over the lands in two or more counties.

Such petitions last referred to must go to a joint board, composed of all the commissioners in the counties where the proposed road was to be located, who were to make a joint report to the court of Common Pleas in each county. We understand that the right of appeal was expressly conferred upon all land-holders aggrieved by the award of selectmen laying out highways. The remedy was by appeal to the higher court, and there his application for redress is ordered by the court to the commissioners, formerly sometimes to a jury. They consider the case, and report back their decision to the court, and final judgment is rendered thereon.

It was doubtless intended, as before suggested, that in cases under this law, where a joint board of selectmen, interested to some extent in the result, have made their decision, their proceedings should be open to review or re-examination, as in all other cases where selectmen lay out highways. We have no doubt the petition for redress should be sustained by the court here. Under a fair construction of the law, regulating appeals from the proceedings of the selectmen in ordinary cases, we do not feel compelled to apply this limitation of sixty days in point of time to the proceedings of the joint board of selectmen in this case. The counsel for the towns, influenced by a proper sense of justice and propriety, do not ask for any such construction of the law, but recommend a course which appears to us to be right, which is in substance to entertain jurisdiction over the appeals here taken as suggested in the case, and refer the same to the joint board of commissioners, composed of both the counties of Belknap and Grafton, under the following order :

Belknap, ss.

The Proprietors of Pemigewasset Bridge *v.* New Hampton.

Supreme Judicial Court, December Term, 1866, held by adjournment on the 21st day of March, 1867.

It is the opinion of the court, that the appeal of the plaintiff in said county of Belknap should be referred at the next trial term of this court to be held in said county of Belknap, to the county commissioners for the counties of Belknap and Grafton respectively, and that said commissioners, after due notice to the parties interested, and a hearing of the said appeal, make a report to the said court in the county of Belknap, of the amount and proportion of damages to be recovered in the premises, to be paid by the said town of New Hampton ; and that at the next May Term of this court in Grafton county, a like order be made to refer to said joint board of commissioners, the petition against the town of Bristol, and that said commissioners shall proceed as soon as may be after both of said petitions are referred to them to the performance of this duty, and that the hearing on each petition be had at the same time and place, and said commissioners make a report to said court in the county of Grafton, of the amount and proportion of damages to be recovered in the premises, to be paid by said town of Bristol, and that said commissioners will also apportion the costs, and report the same.